EDWIN HOYT et al., Appellants, *v.* PETER R. BONNETT et al., Executors, etc., Respondents.

The short statute of limitations (2 R. S., 89, § 38), by which one having a claim against the estate of a deceased person may be barred of his action and his claim forfeited, is penal in its character, and is to be strictly construed. To entitle an executor or administrator to the benefit thereof, the statute must in all essentials be complied with. His act in disputing or rejecting the claim must be decided unequivocal and absolute. Whatever may be the language or declaration, if in the same notice or declaration, or at the same time, he does or says anything from which the claimant may reasonably infer that the determination to dispute or reject is not final, the claim is not " disputed or rejected " within the meaning of the statute.

Plaintiffs presented to defendants, as executors of W., certain claims against the latter's estate. The latter caused to be served upon the former a written notice, stating in substance that as at present advised they declined to pay the claims, and stating that as they had no other means of information they would be greatly obliged if appellants would furnish them with a bill of particulars. The claims so presented were claims against two firms, in which defendants' testator had been a partner. At the time of the presentation no steps had been taken to collect these claims of the surviving partners or out of the partnership property. No action was commenced by plaintiffs within six months after the service of notice, nor did they make any offer to refer. In the account presented by defendants, upon their final accounting, plaintiffs' claims were omitted. They appeared and objected to the account upon that ground. The surrogate overruled the objections, passed the accounts, and decreed distribution without reference to plaintiff's claims. *Held*, error; that defendants had not disputed or rejected the claims so as to put the statute in operation, and the action was not barred; also, *held*, that there was no absolute or certain debt

due either at law or in equity from the estate of the decedent to plaintiffs at the time they exhibited their claims; that such claims did not constitute debts against the estate until the liability had become fixed by an inability to collect the same against the surviving partners, and that even if the claims had been rejected or disputed by the notice served, the statute did not then begin to run, and that the surrogate, instead of making a final distribution of the estate, to the exclusion of plaintiffs, should have made a reasonable provision for their claims by directing a sum sufficient to satisfy the claims, to be retained to be applied to the payment thereof when due.

(Argued December 12, 1872; decided December 17, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a decree of the surrogate of the county of New York, settling the accounts of respondents as executors. (Reported below, 58 Barb., 529.)

· Augustus Whitlock, of the city of New York, died prior to September 20th, 1866, leaving a last will and testament, which was duly admitted to probate, and on the last mentioned day letters testamentary were issued by the surrogate of New York to respondents, Daniel B. Whitlock, Robert C. Gwyer and Peter R. Bonnett, the executors therein named. The testator was at the time of his death a copartner in the firm of Whitall, Le Fevre & Co., of Waterbury, Connecticut. He was also a copartner in a manufacturing corporation called Glenville Mills, Glenville, Connecticut. Hoyt, Spragues & Co., the appellants herein, who are commission merchants in the city of New York, had an account as factors and commission merchants with Whitall, Le Fevre & Co., for moneys advanced on woolens consigned to them by the testator's firm of Whitall, Le Fevre & Co., and on July 1, 1867, claimed a balance of account thereon of $507,501.65, against which they held cloth goods unsold amounting to about 270,000 yards in quantity, the proceeds of sale of which were applicable to the said balance of account. They had also an account for moneys advanced to the Glenville Mills, amounting, July 1st, 1867, to $5,115.21.

On April 4th, 1867, said surrogate of New York made an

order directing the executors to give notice to creditors to present their claims, etc. Notice was published pursuant to said order requiring creditors to present their claims on or before October 11th, 1867.

On the 8th October appellants served notices of their claims against the estate under the aforesaid accounts. On November 9, 1867, the executors served on appellants a notice, of which the following is a copy :

" To Hoyt, Spragues & Co. : Gents.—You are requested to take notice that the executors, etc., of Augustus Whitlock, as at present advised, decline to pay your claims against the estate of Augustus Whitlock for $5,115.21, and for $507,601.65, presented to the attorneys for said executors, and filed with them on the 8th day of October, 1867. Having no other means of procuring information concerning the details of said claims, they will be greatly obliged if you will furnish them a bill of particulars containing the items of your accounts, the dates when contracted, and a list of the notes or other vouchers which you hold for the same.

" New York, *November* 9th, 1867.

" P. R. BONNETT,

" ROBERT C. GWYER,

" D. B. WHITLOCK,

" *Executors.*"

On June 11, 1869, the executors presented to the surrogate a petition for a final settlement of their accounts as executors. In the petition Hoyt, Spragues & Co. are named among the persons interested in the estate as " creditors, legatees, next of kin or otherwise."

The petition prayed for such order as should sufficiently indemnify and protect the executors, etc. Appellants were duly cited, as persons interested, to appear on the final accounting on July 19th, 1869. They appeared pursuant to the citation, and it then appearing that the executors had omitted their claim in the account, they duly objected to the account on the ground of such omission.

It was claimed before the surrogate, on the part of appellants, first, that they were creditors of the estate, having a claim not yet liquidated and ascertained as to amount, but which would become liquidated and due after the consigned goods in their hands were sold; second, that the claim had never been so disputed or rejected as to be barred by statute for non-commencement of suit within six months after notice; and third, that no sufficient notice had ever been given by the executors to set the statute in motion.

The executors claimed that they were entitled to a decree for final accounting and distribution, without reference to the claim of Hoyt, Spragues & Co., on the ground that the claim was barred by the statute as a rejected claim, on which no such suit had been commenced within six months after its rejection.

The surrogate overruled the objections, and proceeded to pass the executors' accounts and to decree distribution, without reference to the claim of appellants.

*Wm. Allen Butler* for the appellants. Appellants' claim was not barred by the provisions of the Revised Statutes (§ 38, art. 2, chap. 6, part 2), as no part of the debt was due at the time of the supposed rejection of it. (2 R. S., 88, § 35.) The omission to present vouchers with their claim does not impair plaintiffs' rights. (1 R. S., 88, § 35.) The short statute of limitations did not apply, as no sufficient notice to present claims had been given in pursuance of the surrogate's order of publication. (2 R. S., 88, § 34; *Murray* v. *Smith,* 9 Bosw., 689; *Whitmore* v. *Foote,* 1 Den., 159; *Argall* v. *Smith,* 3 id., 435; *People* v. *Covell,* 18 Wend., 598; *Ely* v. *Carnly,* 19 N. Y., 496; *Beach* v. *Nixon,* 9 id., 36; *Tucker* v. *Tucker,* 4 Keyes, 136; *Dudley* v. *Mayhew,* 3 N. Y., 9; *Garcie* v. *Sheldon,* 3 Barb., 232; *Kidd* v. *Chapman,* 2 Barb. Ch., 414; *Barsalou* v. *Wright,* 4 Bradf., 164; *Elliot* v. *Cronk's Admins.,* 13 Wend., 35; *Reynolds* v. *Collins,* 3 Hill, 36; *Nat. Bank of Fishkill* v. *Speight,* 47 N. Y., 668; *Calahan* v. *McClure,* 47 Barb., 206; *Broderick* v. *Smith,* 3 Lans., 26.)

The executors having failed to dispute or reject so as to extinguish and bar the claim, under the statute, it was error to adjudge it barred. (*Magee* v. *Vedder*, 6 Barb., 352; *Wilson* v. *Baptist Ed. Society*, 10 id., 308; *Disoway* v. *Bank of Washington*, 24 id., 60; *Curtis* v. *Stillwell*, 32 id., 353; *Andrews* v. *Wallege*, 17 How., 263; *Tucker* v. *Tucker*, 4 Keyes, 135.)

*C. A. Peabody* and *A. Wright, Jr.*, for the respondents. The notice to creditors was sufficient. (3 R. S., 5th ed., 175, § 39.) The notice served by the executors on appellants was a full and complete rejection of their claims within the spirit and intent of the statute. (3 R. S., 5th ed., §§ 40, 43, 176.) The claims were barred by the statute. (*Gibson* v. *Stanton*, 9 N. Y., 476; *Barsalou* v. *Wright*, 4 Bradf., 164.)

Allen, J. To entitle an executor or administrator to the benefit of the short statute of limitations, by which one having a claim against the estate of a deceased person may be barred of his action and forfeit his claim, the representative of the estate must, in all essentials, comply with the statute creating the bar. Neither the statute nor the acts of executors or administrators under it are to receive a liberal interpretation or to be extended by implication beyond their natural and ordinary import. With a single exception, courts and judges have regarded the act as penal in its character, and to be strictly construed. By the statute an executor or administrator at any time, at least six months after the granting of letters testamentary, or of administration, by notice published as prescribed by law, and as the surrogate may order, may require all persons having claims against the estate to exhibit the same, with the vouchers, at or before a day to be specified in the notice, at least six months from the day of the first publication. (2 R. S., 88, § 34.) Such notice was published by the executors in this case, and the present appellants exhibited their claim within the time limited by the notice. A subsequent section of the statute (§ 38) provides that if a claim be

exhibited to the executor or administrator, and " be disputed or rejected by him," and the same shall not have been referred, the claimant shall, within six months after such " dispute or rejection," if the debt or any part thereof be then due, or within six months after some part thereof shall have become due, commence a suit for the recovery thereof, or "be forever barred from maintaining an action thereon." Justice to the claimant, as well as the reasonable interpretation of the statute, requires that the act of the executor or administrator, in disputing or rejecting the claim which is to put the claimant to an action within the brief period prescribed, upon pain of forfeiting his claim, should not be ambiguous or equivocal, capable of two interpretations, but decided, unequivocal and absolute ; such an act or declaration as will admit of no reasonable doubt that the claim is definitively disputed or rejected, so that the claimant will be without excuse for not resorting to his action within the time required to save his claim. To construe and apply the statute in a manner more liberal to the representatives of estates would make it a trap and a snare to claimants. They might be misled, and induced to remain passive until they had lost the right of action by a notice or a declaration so carefully drawn or made as to lull them to rest ; while it might be claimed that an intention to dispute or reject the claim was clearly inferable from the language used. The rule is as fairly deducible from the authorities and the statute, upon a reasonable interpretation, that whatever may be the language or declaration of the executor or administrator to the claimant, if in the same notice or declaration, or at the same time, he does or says anything from which the claimant may reasonably infer that the determination to dispute or reject the claim is not final, but that it will be further examined or considered, either upon the vouchers already exhibited or such as may be thereafter presented, the claim is not "disputed or rejected," within the statute. (*Kidd* v. *Chapman*, 2 Barb. Ch. R., 414; *Reynolds* v. *Collins*, 3 Hill, 36 ; *Elliot* v. *Cronk's Administrators*, 13 W. R., 35; *Barsalou* v. *Wright*, 4 Bradf. R., 164.) The

notice of the executors to the present appellants does not advise the latter that the claims were either disputed or rejected. It merely advises them that, as at present advised, they declined to pay them. The ground of such declension is not stated, and the term employed is not equivalent to a refusal to pay; which the chancellor, in *Kidd* v. *Chapman* (*supra*), said, " if upon any other ground than that the debt, or some part of it, is not legally or equitably due, is not a disputing or rejection of the debt within the statute." From the nature of the claims, there may have been good reasons for declining to pay them, irrespective of their justice. Another paragraph in the same notice conveys the idea very distinctly that they decline to pay the claims at that time, not because they were deemed unjust, or not legal or equitable charges against the estate, and not to be paid at any time, but for some other reason. The executors say that, as they have no other means of information concerning the details of the claims, they will be obliged if the claimants will furnish them a bill of particulars, containing the items of their accounts, the dates when contracted, and a list of the notes with vouchers held for the same. This request is inconsistent and unreconcilable with the pretence that the claim was by the same notice rejected or disputed, and the claimants put to their action. To furnish vouchers and particulars of claims that were definitively rejected or disputed, and which the executors did not propose to examine or re-examine, would have been a work of supererogation which the executors could not have reasonably asked, and such as sensible business men would not have asked. The executors did not reject or dispute the claim so as to put the statute in operation, and bar the claims upon a failure to bring an action within the time prescribed by it.

Another insuperable objection to the bar set up by the respondents, and sustained by the surrogate, arises out of the character of the claims. The estate of the decedent was not primarily chargeable with them. The surviving members of the copartnership and the assets of the respective firms were previously liable for them with the other firm debts, and

the estate of the deceased partner could not be resorted to or charged until the remedies against the survivors and the partnership property had been exhausted, or it should appear that an effort to collect the debt from either would be fruitless.

It is well settled in this State that a creditor of a firm cannot proceed against the estate of a deceased partner without showing either that the surviving partners have been proceeded against to execution at law, or that they are insolvent. (*Lawrence* v. *Orphan House*, 2 Denio, 577, affirming the decree of the chancellor in the same case, 11 Paige, 80.) The doctrine has been reaffirmed by this court since the enactment of the Code; and the personal representatives of a deceased partner cannot be joined as a party defendant with the surviving partner in an action for a partnership debt when the complaint does not show the plaintiff's inability to procure satisfaction from the survivor. (*Voorhis* v. *Childs' Executor*, 17 N. Y., 354.)

There was no absolute or certain debt due, either at law or in equity, from the estate of the decedent, to the present appellants at the time they exhibited the claims. The liability was contingent; and while it was proper to present the claims, the statement as made, the truth of which is not controverted, fully disclosed the nature and character of the debts, and the conditions and extent of the liability of the estate. The claims were not, and, so far as appears, are not now an absolute charge upon the estate of Mr. Whitlock; but the contingent liability continues, and cannot be disregarded or rejected by the executors. They do not constitute debts against the estate until the liability has become fixed and certain by an inability to collect the same from the surviving partners. Even if it should be conceded that the claims were rejected or disputed by the notice from the executors of November 9, 1867, the time for commencing the actions has not commenced running, for the reason that, so far as the case shows, the debts have not become due as against the estate; but the claims still exist as contingent,

with the possibility of becoming absolute charges upon or debts against the estate for the whole or some part thereof. The surrogate should not have made a final distribution of the estate to the exclusion of the appellants. If, after making reasonable provision for their claims, there was a surplus capable of distribution, that surplus might have been apportioned and paid to those entitled. The statute (2 R. S., 96, § 74) directs the surrogate, if it shall appear that any claim exists against the estate of the deceased which is not due, to allow a sum sufficient to satisfy such charge, or the proportion to which it may be entitled, to be retained to be applied to the payment of the same when due, or when recovered, or of being distributed according to law. These claims are within the letter as well as the spirit of the statute. The decree of the surrogate, as well as the judgment of the Supreme Court, appear to have proceeded upon the theory that the claims of the appellants have been disputed or rejected by the executors, and so brought within the operation and effect of the short statute of limitations; and neither tribunal appears to have considered the fact that the debts were not due so as to require the commencement of an action within six months from the rejection.

The courts were in error in holding that the claims were rejected or disputed, and the judgment of the Supreme Court and decree of the surrogate must be reversed, as well for that reason as for the reason that the debts were not due as against the estate at the time of the hearing before the surrogate, and the statute had not run against them.

The proceedings must be remitted to the surrogate, to be proceeded with pursuant to law.

All concur.

Judgment accordingly.