JONAS PRENTICE, RESPONDENT, *v.* SOPHIA WHITNEY AND OTHERS, EXECUTORS, ETC., OF GEORGE WHITNEY, DECEASED, APPELLANT.

*Executors — Notice to creditors, to present claims — notice, when sufficient —* 2 *R. S.,* 88, §§ 34, 38.

The defendants, executors, in pursuance of 2 Revised Statutes, 88, section 34, published a notice to creditors to present their claims, the notice being in the usual form except that the word "requested" was used instead of "required." *Held,* that there was no substantial difference between the words "request" and "require" as the latter was used in the statute, and that the notice was sufficient.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*Chapman & Martin,* for the plaintiff.

*Richards & Sessions,* for the defendants.

BOARDMAN, J.:

This is an action against the defendants as executors, etc., of George Whitney, deceased, to recover a claim existing against the testator in his lifetime. Pursuant to an order of the surrogate the

defendants published a notice to creditors to present claims, which was duly published for six months. Within that time this claim was presented to defendants, and ultimately rejected by them. No offer to refer was made by either party. More than six months after the rejection of plaintiff's claim by the defendants this action was brought. The answer sets up the short statute of limitation. If the form of the notice to creditors be sufficient, the plaintiff's action is barred thereby. The notice is in the usual form, except that the word "requested" is used where, ordinarily, the word "required" is inserted in the notice, so that the creditors of the estate are requested to exhibit their claims, with the vouchers, etc. The plaintiff claims, and the referee held, that such notice "was not such a compliance with the statute which authorizes executors and administrators to insert a notice 'requiring' all persons having claims against the deceased to present them, as to bar the plaintiff from maintaining his action, although he did not commence it within six months after the rejection of his claim by the defendants." This decision is alleged to be erroneous, and if so the judgment for the plaintiff should be reversed.

It is conceded that this short statute of limitation is penal in its character (2 R. S., 88, §§ 34, 38), and should be strictly construed. A strict construction, however, should not lead to a destruction of the object of the statute. The purpose was that the persons having claims against the estate might present them, so as to facilitate the settlement of the affairs of the deceased. To facilitate such object the surrogate may, at or after a certain time, order a notice given to the creditors by publication, once a week for six months, in a paper to be named, to present their claims. That notice need not use the precise language of the statute if it convey the same meaning. The essentials of the law should be complied with. The form is nothing, the substance every thing.

It appears to me that there is no reasonable difference in the connection between the words "request" and "require." Both words have the same origin. Usage has given to them somewhat different meanings, which, however, are more distinctions in intensity than in effect or substance. The latter is nearer a command than the former. Yet neither, under this statute, is a command or any thing more than a notice. It is optional with the creditor to

present his claim or not, whatever the words used in the notice. The consequences of his neglect are fixed by the statute. Notice is given, in either form, to present claims. That, I think, is sufficient. In *Hoyt* v. *Bonnett* (58 Barb., 529), the notice did not contain the word "required," yet its sufficiency was not questioned either in the Supreme Court or in the Court of Appeals. (50 N. Y., 538.)

The neglect of either party to offer to refer does not affect the subject under consideration. (*National Bank of Fishkill* v. *Speight*, 47 N. Y., 668.)

The conclusion reached in the discussion of the subject of the sufficiency of the notice, renders it unnecessary to consider the other questions raised by the appellants.

For the reason that the notice was sufficient, and the plaintiff's action is barred by neglect to prosecute within six months after the rejection of the plaintiff's claim by the defendants, the judgment must be reversed and a new trial granted, with costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial granted and reference discharged, costs to abide the event.