(13 App. Div. 20.)

### SHORTER v. MACKEY.

(Supreme Court, Appellate Division, Third Department.    January 12, 1897.)

1. EXECUTORS—LIABILITY OF ESTATE—REFERENCE.
    The claim of an executor against the estate of his deceased co-executor, for property the use of which was given to the co-executor for life by the will, is not a claim against testator's estate, which may be referred, if disputed (2 Rev. St. p. 88, § 35 et seq.), but is a claim against the estate of the co-executor.
2. SAME—CONSENT TO REFERENCE—WAIVER OF OBJECTION.
    An executor, by consenting to the reference of a claim against his testator's estate, does not waive the objection that it is not such a claim as is referable under the statute.

Appeal from judgment on report of referee.
Action by William A. Shorter, as surviving executor of the will of Benjamin W. Shorter, deceased, against C. Gedney Mackey, executor of the will of Dolly Ann Shorter, deceased, who was co-executor of

the will of said Benjamin W. Shorter, deceased, for an accounting. From a judgment dismissing the action, plaintiff appeals. Affirmed.

Some time prior to April 19, 1895, the plaintiff presented to the defendant a claim in the following form:

"Estate of Dolly A. Shorter to Estate of Benjamin W. Shorter, Dr.

"For securities standing in the name of Dolly A. Shorter which belong to estate of Benjamin W. Shorter, viz.:

"One two thousand mortgage against Louisa Rikloy and Abner W. Caverly, and all unpaid interest on the same.

"One mortgage for two hundred against Eve Ann Tucker ($200.00) and interest.

"Poughkeepsie Savings Bank book, seventy-five $^{68}/_{100}$ dollars ($75.68), and interest on same.                                                              $2,000 00

                                                                                200 00

                                                                                 75 68

                                                                            _____

                                                                            $2,275 68

                                                              "W. A. Shorter, Ex."

This claim was verified by affidavit in usual form, sworn to October 18, 1894. The defendant, by notice in writing dated April 19, 1895, disputed the claim, and offered to refer it under the statute. Thereupon a stipulation to refer was made, which was approved by the surrogate, and an order of reference entered on August 15, 1895. Upon the trial, at the close of the evidence on the part of the plaintiff, the defendant moved for a nonsuit, upon the grounds, among others, that the claim of plaintiff was not referable under the statute, and that the referee had no jurisdiction to hear, try, or determine it; that the plaintiff had not shown that the moneys represented by the securities stated in the claim belonged to the estate of which the plaintiff was the executor, or that the plaintiff was a creditor of defendant's testatrix. The referee granted the motion, holding that he had no jurisdiction, under the statute, to try the claim.

It appeared that Benjamin W. Shorter, who died in April, 1888, left a will, which was probated in May, 1888, and letters testamentary issued to William A. Shorter and Dolly Ann Shorter, the executors therein named. Dolly Ann Shorter was the wife of the decedent. In the will, after a provision for the payment of debts and expenses, there was the following clause: "I give and bequeath to my wife, during her natural life, or as long as she remains my widow, the interest of all my personal property; at her death or marriage, my said property to be divided equally among my children, or their representatives."

In November, 1889, the executors made a petition to the surrogate's court, stating that they were desirous of rendering an account of their proceedings as executors, and asking that their account might be judicially settled. Their account was filed on December 9, 1889.

At the same date a decree was entered in which was the following clause:

"And it further appearing to the said surrogate that the will in this estate gives the widow the entire use and control of the estate, and that she is therefore entitled to the use and proceeds of all the balances of said estate, it is hereby ordered and directed that all the balance of said estate be paid over to her use, the amount of $1,993.08, in addition to the amounts set forth in Schedule G, already in her possession, viz. $800 and $4,750. The full amount is as follows:

In Schedule G............................................................ $ 800 00
  "       "       "     ............................................................  4,750 00
Balance on account........................................................  1,993 08
                                                                          _____
                                                                          $7,543 08

—"To be held by her according to the provisions of the will herein, as long as she shall live and remain unmarried."

In this decree there was no provision for the commissions of the executors, nor was there any provision discharging the executors from their trust. The defendant, as executor of Dolly Ann Shorter, has never rendered any account of the funds of the estate of Benjamin W. Shorter in the hands of Mrs. Shorter at

her death, and it does not appear that he has ever been called upon to account. The plaintiff has received securities, to the amount of $5,050, that were assets of the estate of Benjamin W. Shorter, standing in his name or in the name of the estate, and in the possession of Mrs. Shorter at the time of her death. In April, 1893, Mrs. Shorter gave to William A. Shorter a receipt, stating that she had received of him "all and every item of property belonging to the estate of my husband, Benjamin W. Shorter, deceased, which has come in his hands as executor or otherwise, and for which he is in any wise indebted to said estate, and in full compliance with the terms of the will of my said husband."

The $2,000 mortgage referred to in the claim of plaintiff runs to Dolly Ann Shorter, and is dated April 6, 1891. The $200 mortgage also runs to Mrs. Shorter, and is dated June 3, 1889. The date of the savings bank item does not appear, except that it draws interest from January 1, 1893. There is evidence tending to show that these securities belonged to the estate of Benjamin W. Shorter.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

A. D. Lent, for appellant.
D. W. Ostrander, for respondent.

MERWIN, J.   Under the provisions of the Revised Statutes which regulated the references of claims against an estate (sections 35–37, tit. 3, c. 6, pt. 2), it was said in many cases, that only those claims were referable which accrued during the life of the decedent, or would have accrued against him if he had lived.   Godding v. Porter, 17 Abb. Prac. 374; Smith v. Patten, 9 Abb. Prac. (N. S.) 205; Skidmore v. Post, 32 Hun, 56.   That was the view taken in Re Van Slooten v. Dodge, 145 N. Y. 327, 332, 39 N. E. 950.   In Sands v. Craft, 10 Abb. Prac. 216, it was held that the liability of the estate of a deceased executor for assets held by him as such at his death is not a debt of the estate which could be referred, under the provisions of the Revised Statutes.

The claim of the plaintiff did not accrue during the lifetime of Mrs. Shorter, and, under the doctrine of the cases above referred to, would not be referable under the statute.   She held the principal of the estate in trust.   The plaintiff, as surviving executor, had the right, upon her death, to call upon her representative for an accounting.   By the decree of the surrogate's court she was to hold the property according to the provisions of the will, and it cannot be assumed that it was the intention of that court to discharge her from her duty, as executrix or testamentary trustee, to preserve the principal of the estate for the benefit of the residuary legatees.   Upon the death of an executor or testamentary trustee, his successor or a surviving executor can compel the executor or administrator of the decedent to account in the surrogate's court.   Code Civ. Proc. § 2606; In re Clark, 119 N. Y. 427, 23 N. E. 1052; In re Fithian, 44 Hun, 457.

The reference in this case was under the provisions of section 2718 of the Code, as amended in 1893.   These are, in substance, the same as the provisions of the Revised Statutes, except that it is provided that, upon the entry of the order of reference, the proceeding shall become an action in the supreme court.   The effect of this provision was considered in Rutherford v. Soop, 85 Hun, 119, 32 N.

Y. Supp. 636, and it was, in substance, held that the amendment did not operate to enlarge the scope of references of disputed claims.

If the case could be treated as an action for an accounting, it is not clear that the dismissal of the action was improper, in view of the remedy for an accounting in the surrogate's court. The rule is that, when complete relief can be obtained in the surrogate's court, a court of equity will decline to entertain an action for an accounting against executors. Wager v. Wager, 89 N. Y. 161. Strong v. Harris, 84 Hun, 314, 32 N. Y. Supp. 349.

It is claimed by the plaintiff that the defendant, by consenting to refer, waived the objection that the claim was not referable. It was, however, held otherwise in Re Van Slooten v. Dodge, supra.

The referee did not, I think, err in dismissing the case. The cause of action of the plaintiff was for an accounting, and that was not the proper subject of the summary reference provided for in the Revised Statutes and in the substituted provisions of the Code.

Judgment affirmed, with costs. All concur.