(31 Misc. Rep. 47.)

ADLER v. DAVIS et al.

(Supreme Court, Trial Term, New York County. March 26, 1900.)

SHORT STATUTE OF LIMITATIONS—CLAIMS AGAINST ESTATES—REJECTION—AR-
BITRATION.

Under Code Civ. Proc. § 1822, barring a claim against an estate unless
an action is brought thereon within six months after its rejection by the
executor, a claim which was not formally rejected until June 2, 1899,
and which both parties had agreed to arbitrate after its rejection, was
not barred, where the action thereon was brought December, 1, 1899.

Action by Simon Adler against Henry H. Davis and others.
Judgment for plaintiff.

Scott & Treadwell, for plaintiff.
Edward Kaufman, for defendants.

McADAM, J. The sole question reserved at the trial was as to
the applicability of the short statute of limitations prescribed by
section 1822 of the Code of Civil Procedure, which provides that
where an executor or administrator "disputes or rejects a claim
against the estate of the decedent it shall be barred unless, within
six months thereafter, action be brought thereon," etc. See, also,
Selover v. Coe, 63 N. Y. 438. The object of the statute was to en-
able executors and administrators to wind up estates without de-
lay, by barring out all creditors who do not present their claims or
prosecute them within the prescribed time. It is highly penal in
its character, and to be strictly construed; and, to entitle an ex-
ecutor or administrator to the benefit thereof, the statute must in
all essentials be complied with. Hoyt v. Bonnett, 50 N. Y. 538.
The decedent died July 23, 1898, and publication for claims was
commenced in November, 1898, requiring their presentation on or
before June 2, 1899. The plaintiff's claim was presented in Decem-
ber, 1898, and was not formally rejected by the executors until the
letter of June 2, 1899, marked "Plaintiff's Exhibit B." See Hoyt
v. Bonnett, supra. The executors carried on negotiations respect-
ing the claim as late as November 24, 1899, when, in answer to a
communication from the claimant's attorneys suggesting a refer-
ence, and requesting the executors to send the names of any per-
sons acceptable to them as referees, the attorneys for said executors
replied, suggesting five names, the first of which the claimant
promptly accepted. The claimant thereupon signed and acknowl-
edged a stipulation that the matter be referred to the person so
selected by the executors. This consent was sent to the attorneys
for the executors, but was never acted upon by them, so that, in con-
sequence of their neglect, no reference was ordered. To avoid the
running of the statute, and one day before the six months after the
rejection of the claim, to wit, on December 1, 1899, the plaintiff
brought the present action. These negotiations were an admission
that the matter was still open for settlement, and, if there was a
prior rejection, that it was not considered final and conclusive.
Calanan v. McClure, 47 Barb. 206. There has been no settlement
of the estate, and no distribution of the assets to any one, so that

the executors have been in no possible manner prejudiced by what they now term "unreasonable delay." See In re Mullon's Estate, 145 N. Y. 98, 39 N. E. 821; Erwin v. Loper, 43 N. Y. 521; Baggott v. Boulger, 2 Duer, 160.

The plaintiff is entitled to judgment for the amount claimed, and, as the defendant refused to refer, to the costs as well. Code, § 1836; Fort v. Gooding, 9 Barb. 388.