## GENET v. WILLOCK.

(Supreme Court, Appellate Division, Second Department.   April 29, 1904.)

1. EXECUTORS—CLAIMS—REAL ESTATE—USE AND OCCUPATION—EVIDENCE.
   Where a nephew made payments of rent for certain premises on behalf
   of his uncle, who was impecunious, and permitted such uncle to occupy
   the property, while the nephew either owned or controlled it as lessee,
   without making any claim for rent during the uncle's lifetime, and first
   demanded the same after he had disagreed with his uncle's widow, he
   was not entitled to recover for use and occupation.

2. SAME—CLAIMS—REFERENCE—FUNERAL EXPENSES.
   Code Civ. Proc. § 2718, authorizing reference of certain claims against
   a decedent's estate, is limited to claims which existed against the intes-
   tate, and does not authorize a reference of claims for funeral expenses.
   Hirschberg, P. J., dissenting.

Appeal from judgment on report of referee.

Action by Albert R. Genet against Virginia Willock, as administra-
trix, etc.   From a judgment on a referee's report in favor of plaintiff,
defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

Nathan P. Bushnell, for appellant.
Cornelius B. Palmer, for respondent.

JENKS, J.   An administratrix appeals from a judgment resulting
from a reference of a disputed claim under section 2718 of the Code
of Civil Procedure.   The plaintiff has recovered for the use and
occupancy of a house, for funeral expenses, and for money advanced
to the testator.

I think that the evidence does not warrant a recovery for the use
and occupation.   As the plaintiff does not contend that during the
lifetime of the testator he ever made claim for rent, his claim must
be "carefully scrutinized, and admitted only upon very satisfactory
proof."   Kearney v. McKeon, 85 N. Y. 136; Van Slooten v. Wheeler,
140 N. Y. 624, 35 N. E. 583; Porter v. Rhoades, 48 App. Div. 635, 63
N. Y. Supp. 112.   The plaintiff must show either that the conven-
tional relation of landlord and tenant existed, or must prove other
circumstances sufficient for the law to imply a contract.   Lamb v.
Lamb, 146 N. Y. 317, 41 N. E. 26; Collyer v. Collyer, 113 N. Y. 442,
21 N. E. 114.   The plaintiff was the nephew of the testator.   The
testator had leased from Mr. Ripley a house of nine rooms, with a
barn and outhouses, situated upon 4½ acres of land in a rural com-
munity, for $60 a year, and it appears that the plaintiff had made
some payments to Ripley on that rent.   Thereafter the plaintiff pur-
chased the house, and owned it for a time, and also for a subsequent
time controlled it as lessee.   After the house passed from the own-
ership of Ripley, the intestate and his maiden sister occupied it for
five years and upwards.   The claim is for the rental value of those
five years.   It appears from the evidence that the intestate was in
very moderate circumstances.   The plaintiff has not only presented
a claim for the rent against the estate, but has also sued his aunt (the

administratrix), contending that she too is separately liable therefor. As I have said, the plaintiff does not pretend that he ever made any claim upon either his uncle or his aunt for any rent until after the death of the intestate, or that the matter was ever discussed between them. Although he states that he kept books of account, wherein he charged every large indebtedness to him, save in the instance of his own brother's debt, he admits that he never made any charge therein for this rent, although he kept a memorandum of what it cost him "to carry the place." The plaintiff's aunt, the joint occupant of this house, against whom the plaintiff now makes a separate demand for this rent, testifies, without contradiction, that the plaintiff never at any time said anything to her about a rent charge, never asserted any claim therefor, and never demanded any rent from the intestate or from her. The relationship and the relative situation of the nephew, his uncle, and his aunt at least afford a reason why the nephew might have permitted such occupancy without charge of rent, while there is evidence of a dispute and disagreement between nephew and aunt subsequent to the death of the testator, which might be explanation of the nephew's change of heart and for the present presentation of this claim. The fact that the testator leased from Mr. Ripley the premises which the nephew subsequently acquired is not sufficient under the circumstances to establish that there was a continuance of that relation between nephew and uncle and aunt, especially in view of the fact that the nephew had on occasions paid the rent to Mr. Ripley, apparently on account of his relationship. What proof, beyond the bare fact of this occupancy, is there that establishes that the plaintiff even expected any rent? On the other hand, the proof justifies the conclusion that both the intestate and his sister had no reason to suppose that they were other than tenants by the bounty of their nephew. In Collyer v. Collyer, supra, Earl, J., says: "But the law will not imply a contract contrary to the intention of either of the parties."

I think that the judgment for the funeral expenses cannot be upheld. The reference is expressly made pursuant to section 2718 of the Code of Civil Procedure. This statute is limited to claims which existed against the intestate. A claim for funeral expenses is not of this character, inasmuch as it is not strictly regarded as a debt due from the intestate, but rather a charge against his estate. Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384. This charge, then, could not be made the subject of a reference, notwithstanding the consent of the administratrix and her omission to object upon the reference. Shorter v. Mackey, 13 App. Div. 20, 43 N. Y. Supp. 112; Matter of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950; Hovey v. Hovey, 46 Hun, 71.

The cheques of the plaintiff and the indorsements thereon, coupled with the writings of the intestate, are, I think, sufficient to sustain the findings of the indebtedness of $27. But in all other respects the testimony is not sufficient to uphold the judgment.

The judgment should be reversed.

Judgment reversed, with costs, and proceedings remitted to the Surrogate's Court for further action. All concur, except Hirschberg, P. J., who dissents.