In re MUDGE.

In re POTTER'S ESTATE.

(Surrogate's Court, Monroe County.    July 28, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 246*)—CLAIMS—UNDERTAKER'S SERV-
   ICES—DEBTS—REFERENCE—"DEBT DUE."

   A claim against an estate for undertaker's services is not a "debt due"
   from the decedent, and is therefore not referable under Code Civ. Proc. §
   2718, providing for reference of disputed claims, and hence, even if the
   parties consented to a reference, jurisdiction to refer would not be con-
   ferred as against the subsequent objection of either.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. § 874; Dec. Dig. § 246.*

   For other definitions, see Words and Phrases, vol. 2, p. 1890; vol. 8, p.
   7628.]

2. EXECUTORS AND ADMINISTRATORS (§ 251*)—CLAIMS—DISALLOWANCE—NOTICE.

   An executor's notice to a claimant, reciting that the executor doubted
   the justice of the claim for $795 against the estate named, and "I hereby
   dispute the same and offer to refer the matter in controversy to one or
   more disinterested persons as referees, to be approved by the surrogate,"
   dated and signed, etc., was sufficient to start the six months' limitations
   prescribed by Code Civ. Proc. § 1822.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec.
   Dig. § 251.*]

3. EXECUTORS AND ADMINISTRATORS (§ 251*)—CLAIMS—ENFORCEMENT—"OTHER
   REMEDY."

   Code Civ. Proc. § 1822, bars rejected claims after six months from notice
   of dispute, unless the claimant commences an action for the recovery there-
   of within that time, declaring that in default thereof the claimant and
   all persons claiming under him are forever barred from maintaining any
   such action and from every "other remedy" to enforce payment thereof
   out of decedent's property.  Held, that the words "other remedy" includ-
   ed summary proceedings by an undertaker to compel payment of his bill
   authorized by section 2729, subd. 3, which he could not maintain after the
   expiration of six months from notice of the rejection of his claim.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec.
   Dig. § 251.*]

Judicial settlement of the estate of Charles B. Potter, deceased, in
which Adelbert W. Mudge instituted summary proceedings against
the executor for the payment of an undertaker's claim.  Dismissed.

H. F. Remington, for petitioner.

Cogswell Bentley, for executor.

BROWN, S.  This is an application under subdivision 3 of section
2729 of the Code of Civil Procedure, relating to the summary remedy
for the payment of the claim of an undertaker against the estate of
a decedent.  The executor, appearing on the return of the citation is-
sued herein, has set up that this proceeding is not proper because of
the fact that the claimant's claim is outlawed under the six months'
statute.  The court on the hearing denied the motion to dismiss the
proceeding and took the evidence, by consent of the parties, which
had been taken by the court upon the proceedings for the judicial set-
tlement of the accounts of the executor.  It appears from the papers
and evidence herein that Mr. Adelbert W. Mudge, the undertaker who

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

attended the funeral of the decedent, did perform services as such undertaker a few days subsequent to the death of the decedent, which occurred on the 9th day of December, 1906.

The will of the decedent was admitted to probate on the 13th day of December, 1906, and letters testamentary issued thereupon to Sardius D. Bentley, the executor named therein. An order to publish for claims was made December 13, 1906, and was published for six months. In February, 1907, the claimant presented to the executor a verified claim, setting forth the claim for funeral services to the amount of $795. On February 12th the executor wrote a letter to the claimant in which he stated he was not prepared to admit the justice of one of the items of the claim amounting to $705, on the ground that it was not itemized, and asked him to send the items of the charges. It appears afterwards that the claimant refused to itemize said charge of $705, and on the 25th of February, 1907, the executor wrote a letter to the claimant, of which the following is a copy:

"Re Claim Mudge v. Estate of Chas. B. Potter, Decd.·

"February 25, 1907.

"Mr. A. W. Mudge—Dear Sir: Herewith find rejection of claim presented by you against the estate of Charles B. Potter, and offer to refer the same. You will please understand that your refusal to itemize the charges going in to make up your first charge of $705, and the instructions of one of the legatees leaves me no alternative and require that I refuse to pay your claim as presented. So far as I am personally concerned, and aside from doing my duty as executor, it matters nothing whether your charges are high or low; but, as executor, it is my duty to ask that you will establish the justice of the claim before I allow or pay it, under the circumstances.

"Truly yours, S. D. Bentley, Executor of Chas. B. Potter."

Inclosed in said letter was the following notice:

"In the Matter of the Administration of the Estate of Charles B. Potter, Deceased.

"To A. W. Mudge, Esq.: You will please take notice that I doubt the justice of your claim of seven hundred and ninety-five ($795) dollars against the above-named estate, and I hereby dispute the same and offer to refer the matter in controversy to one or more disinterested persons as referee or referees to be approved by the surrogate.

"Dated Rochester, N. Y., February 25, 1907.

"S. D. Bentley, Executor, etc., of Charles B. Potter, Decd."

It appears that subsequently, about July 11, 1907, the attorney for the claimant presented to the executor a stipulation that the claim be passed upon by the surrogate on the final settlement of the executor's accounts, and the executor signed and returned it to the attorney for the claimant. That stipulation was not filed within six months after the service of the above notice dated February 25, 1907. On the judicial settlement of the accounts of the executor, proofs of claimant's claim were taken before the surrogate, in April and May, 1909, and the matter was submitted to the surrogate; the executor contending that the claim was barred by the six months' statute. Before that proceeding was decided, this proceeding was commenced by the claimant. The executor, as stated before, interposed an answer herein setting up the statute of limitations, and also the pending proceeding.

It seems to be well settled that a claim for services performed as

undertaker is not a debt due from decedent, and consequently is not referable under section 2718 of the Code. Genet v. Willock, 93 App. Div. 590, 87 N. Y. Supp. ·938. Even if both parties consent, jurisdiction would not be conferred to refer if later either party objected. Shorter v. Mackey, 13 App. Div. 20, 43 N. Y. Supp. 112.

Under these authorities the offer to refer to one or more disinterested parties or referees was not binding upon either party, and jurisdiction would not be conferred to refer if later either party objected. The later agreement made by both parties, of July 11, 1907, consenting to refer the matter to the surrogate, is not binding, because it was not filed with the surrogate within six months after the dispute of said claim, by virtue of the notice of February 25, 1907, provided said notice was a dispute or rejection of said claim.

The court on the hearing was inclined to think that this matter was settled by the Eichman Case, 33 Misc. Rep. 322, 68 N. Y. Supp. 636; but upon careful consideration of that case I am of the opinion that the notice in that case was not as complete as in the case before us. In the Eichman Case the notice simply read:

"Please take notice, that we, the executors of the last will and testament of Samuel Lewis, deceased, doubt the justice of the claim of Mary Augusta Lewis, and of the whole thereof, against the estate of said Samuel Lewis, and we do hereby offer to enter into an agreement in writing with the claimant to refer the matter in controversy to one or more disinterested persons, to be approved by the surrogate, pursuant to section 2718 of the Code of Civil Procedure."

In that case Surrogate Abbott said that:

"If it be true that said notice constitutes a dispute and rejection of the claim, the claim is undoubtedly barred by the six months' statute."

In the case at bar the notice did dispute the claim, although it did not reject it, and the statute (section 1822 of the Code) says:

"Where an executor or administrator disputes or rejects a claim against the estate of a decedent exhibited to him * * * the claimant must commence an action for the recovery thereof against the executor or administrator within six months after the dispute or rejection. * * * In default whereof he and all the persons claiming under him are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of the decedent's property."

Under these conditions the agreement to refer to the surrogate is inoperative, and the statute of limitations, under section 1822, would run against this claim, unless said claim is by some means excepted therefrom.

Counsel for the claimant claims that subdivision 3 of section 2729 of the Code is a remedy which he has a right to resort to at any time, and accordingly that this proceeding should stand. It seems to this court that said provision is an independent summary remedy for an undertaker to resort to if he has not been paid within 60 days of the issue of letters testamentary or of administration upon an estate, but that it is subject to the limitation of section 1822, because that section speaks of a claim disputed or rejected against the estate of a decedent, and, while this claim is not a claim against the decedent, it is a claim against his estate, and when such claim for undertaker's services is

disputed or rejected a suit must be brought before six months have elapsed after such dispute or rejection.

It may be (which is not necessary here to decide) that resort could be had to said subdivision if the proceeding were commenced before the expiration of the six months after notice of dispute or rejection; but if the proceeding is not commenced, as it was not in this case, within six months after such notice of dispute, the claimant is barred from enforcing payment thereof out of the decedent's property, because section 1822 says that: .

" * * * In default whereof, he and all persons claiming under him are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of the decedent's property."

This "other remedy" must include the proceeding sought to be brought herein under subdivision 3 of section 2729.

I am, accordingly, of the opinion that the claim of the claimant herein is barred by the six months' statute of limitations, and that this proceeding should be dismissed, with $10 costs in favor of the executor and against the claimant.

Let an order be entered accordingly.