### DAWBARN v. FLEISCHMANN.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 437*) — DISPUTED CLAIMS — NOTICE — STATUTORY PROVISIONS.

An executor's notice to a claimant against the estate, reciting that he doubted the justice and validity of the claim, and that "I hereby dispute and reject the same," with an offer to refer it under the statute (Code Civ. Proc. § 2718) to a referee, or to consent that it might be submitted to the surrogate upon the executor's accounting, properly dated and signed, is sufficient to start the six-month limitation prescribed by Code Civ. Proc. § 1822, for actions on claims.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1758; Dec. Dig. § 437.*]

2. EXECUTORS AND ADMINISTRATORS (§ 437*) — "DISPUTED OR REJECTED CLAIMS"—NOTICE—SUBSEQUENT NEGOTIATIONS.

Where an executor in giving the notice of the dispute and rejection of a claim under Code Civ. Proc. § 1822, at the same time does or says anything from which the claimant may reasonably infer that the determination to dispute or reject is not final, but will be further examined and considered, the claim is not "disputed" or "rejected" within the meaning of the statute.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 437.*

For other definitions, see Words and Phrases, vol. 3, p. 2121; vol. 7, p. 6054.]

3. EXECUTORS AND ADMINISTRATORS (§ 437*)—ACTION—LIMITATIONS—PRESENTED CLAIM.

Where an executor's notice of dispute and rejection of a claim is sufficient, under Code Civ. Proc. § 1822, to start the six-month period of limitation, the fact that negotiations were carried on between the parties after rejection looking to a settlement of the claim without any showing that the rejection of the claim was ever withdrawn or waived, or that claimant ever so believed, or of the period of time over which the nego-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiations extended, or that the claimant was either misled or prejudiced thereby, is insufficient to stay the running of the statute.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1758; Dec. Dig. § 437.*]

4. EXECUTORS AND ADMINISTRATORS (§ 437*)—ACTION—LIMITATIONS—SUSPENSION.

Where a defendant executor in an action subject to the six-month limitation of Code Civ. Proc. § 1822, is absent from the state for several months, but it is not shown that he was without the state when the cause of action against him accrued, the suspension of the statute provided by Code Civ. Proc. § 401, has no application.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1751½; Dec. Dig. § 437.*]

5. EXECUTORS AND ADMINISTRATORS (§ 437*)—ACTIONS—LIMITATIONS—"EXHIBITED."

Code Civ. Proc. § 1822, relating to an executor's rejection of claims "exhibited to him," and prescribing the limitation of action on such claim, requires that the claim exhibited must be in writing; and, where a claim in writing has been exhibited to the executor, the fact that no inventory has been filed by him and no notice to present claims published is no bar to the running of the statute.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1744–1764; Dec. Dig. § 437.*

For other definitions, see Words and Phrases, vol. 3, pp. 2583, 2584.]

Appeal from Special Term, New York County.

Action by Robert H. M. Dawbarn against Simon Fleischmann, as executor of Moses Hirshfield, deceased. From an order denying defendant's motion for judgment on the pleadings, defendant appeals. Reversed, and motion for judgment on the pleadings in favor of defendant granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Simon Fleischmann, for appellant.
Henry C. Quinby, for respondent.

DOWLING, J. Defendant appeals from an order denying his motion for judgment on the pleadings, and the questions presented are (1) whether the facts set forth in the second separate defense constitute a bar to plaintiff's recovery, in that his claim is within the short statute of limitations; and (2) whether the reply served by plaintiff sets up facts sufficient to prevent the start or continuance of the running of the statute.

The action is brought to recover the sum of $2,000 for professional services rendered by plaintiff as a physician and surgeon between the 15th and 22d days of July, 1909, at the special instance and request of Moses Hirshfield, in the treatment of his sister Elizabeth. Hirshfield died April 6, 1910, and defendant duly qualified as executor of his last will and testament. The complaint sets forth due demand upon defendant and his refusal to pay the claim.

By his second separate defense defendant admits the presentation of plaintiff's claim against the estate on June 29, 1910, and avers that on July 6, 1910, he disputed and rejected the same by mailing both to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff and to his attorney by registered letter, at their respective addresses, a notice of rejection, whereof the following is a copy:

"Surrogate's Court, Erie County.

"In the Matter of the Estate of Moses Hirshfield, Deceased.

"To Robert H. M. Dawbarn, M. D., #105 West 74th Street, New York City, and to Henry C. Quinby, Esq., His Attorney, 165 Broadway, New York City—Gentlemen:

"You will please take notice that the undersigned doubts the justice and validity ·of the claim of the above-named claimant, Robert H. M. Dawbarn, M. D., of two thousand dollars ($2,000) against the above-named estate, heretofore presented to me, and I hereby dispute and reject the same and offer to refer it, under the statute, to some suitable and proper person as referee, to be approved by the surrogate, to hear and determine the same, according to the statute, or consent that the said claim may and shall be submitted to the surrogate for determination by him upon my accounting as executor of said estate.

"Dated, Buffalo, N. Y., July 5, 1910.

"Simon Fleischmann,
"Executor of the Last Will and Testament of Moses Hirshfield, Deceased."

It is then further set forth:

"That said plaintiff had never offered or consented to refer his said claim under the statute or otherwise to any person as referee whatsoever, nor has said plaintiff consented in any manner nor ever filed any consent with the surrogate of the county of Erie, or in his office, wherein said estate is being administered, that his said claim be heard and determined by said surrogate upon the judicial settlement of the accounts of this defendant as such executor or otherwise. That this action was not begun within a period of six months after the said dispute and rejection by this defendant of plaintiff's alleged claim, but was begun on or about the 20th day of March, 1911, by the service of the summons and complaint upon this defendant. That the alleged cause of action set forth in the complaint did not accrue within six months before the commencement of this action, and this defendant pleads the statute of limitations, in such case made and provided, in bar and defense to the alleged cause of action set forth in the complaint."

By his reply to the second separate defense, the plaintiff admitted that he and his attorney received the notice in question, but terms it a notice of dispute, and denies that it was a notice of rejection. He then further avers:

"Third. This plaintiff further alleges that after the service of what purported to be a rejection of the plaintiff's claim herein that negotiations were carried on between the parties hereto with reference to this claim, looking toward a settlement of the same.

"Fourth. Further replying to the said second separate defense in defendant's answer contained, this plaintiff alleges that after the death of the decedent herein, and after the appointment of the said Simon Fleischmann as executor, the said Simon Fleischmann was without the state of New York and outside of the United States for several months, during the period of which absence the running of the said short statute of limitations was stopped, pursuant to the terms of said statute in that case made and provided."

He then further avers that defendant has never filed any inventory of the estate whereof he is executor, nor has he published any notice requiring creditors to present their claims, and that he denies the allegation "that he never consented to refer this claim, but alleges that he did so consent in writing."

[1] We believe that the notice given by the executor was a valid notice of rejection of claim within the meaning of section 1822, Code of Civil Procedure, that the provisions of that section apply, and that the period of limitation of six months thereby provided began to run as soon as the notice was given. The phraseology of the notice was taken in part from that of the statute. The word "reject" was used advisedly, and the executor not only disputed the claim, but absolutely rejected it, and indicated to the claimant the alternative methods by which he might avoid the operation of the statute of limitations; i. e., either file with the surrogate his written consent to the determination of the claim upon the accounting by the executor, as required by section 1822, or as an additional method voluntarily offered by the executor, consent to refer the claim under section 2718. Neither method was one which the executor was bound to offer, for the effect of his rejection of the claim was to set the statute running, and his consent to submit it to the surrogate for determination upon his accounting only gave notice to the claimant of his willingness to proceed in that way and avoid the expense of an action, if the claimant should accept that course and file a similar consent; while the reference offered an opportunity to claimant to secure a speedier adjudication than by action, if he desired so to proceed. The latter was an additional method available in the case of a disputed claim, but it in no way destroyed the effect of the absolute rejection of the claim.

The cases relied on by the claimant to bring the claim under the provisions of section 2718 as a disputed one only have no application here. In none of them was the word "reject" used by the party disallowing the claim. Thus in Matter of Eichman, 33 Misc. Rep. 322, 68 N. Y. Supp. 636, the surrogate distinguished between the case where an executor had a doubt as to the validity of a claim, not sufficiently well established to warrant him in absolutely rejecting it, and therefore doubted its justice only in order to secure a reference thereof, whereupon the provisions of section 2718 applied and no short statute of limitations existed, and the case of an absolute rejection of the claim, in which section 1822 applies, and such a statute begins to run. In that particular case the executor simply doubted the justice of the claim and offered to refer it under section 2718, and no words were used by him importing a rejection. In Hoyt v. Bonnett, 50 N. Y. 538, the executor declined to pay an account and asked for a bill of particulars thereof, and the court said that the claimant was entitled to know whether his claim was definitely disputed or rejected, so that he will be without excuse if he fails to resort to his action. On the other hand, it was held in Re Mudge (Sur.) 118 N. Y. Supp. 568, where an executor wrote a letter to a claimant rejecting his claim and offering to refer it, and inclosed a notice doubting the justice of the claim, disputing it and offering to refer, that the claim had been properly rejected and the provisions of section 1822 applied.

[2, 3] The defense in question setting up facts from which it appears that the statute had run against plaintiff's claim, is there anything set up in the reply which defeats its operation? The receipt of the notice is not disputed, and the only question raised as to its va-

lidity is that it is not a notice of rejection. That we believe must be settled adversely to plaintiff for the reasons before given. The allegation that negotiations were carried on between the parties after the rejection, looking to a settlement of the claim, is insufficient to stay the running of the statute. No case can be found so holding. Hoyt v. Bonnett, 50 N. Y. 538, is authority for the proposition that if in the same notice or declaration or at the same time the executor does or says anything from which claimant may reasonably infer that the determination to dispute or reject is not final, but will be further examined or considered, either on vouchers already exhibited or such as may thereafter be presented, the claim is not disputed or rejected within the meaning of the statute. In Calanan v. McClure, 47 Barb. 206, an offer of compromise had been made by the executor, the final rejection was delayed, and the actions of the executor were such as to induce a belief in the mind of the claimant that the rejection was not final. To the same effect is Adler v. Davis, 31 Misc. Rep. 47, 63 N. Y. Supp. 241. This paragraph of the reply contains no averment sufficient to show that the rejection of the claim was ever withdrawn or waived, that plaintiff ever so believed, the period of time over which the negotiations extended, or that the claimant was either misled, deceived, or prejudiced thereby. The allegation that the claimant consented in writing to refer his claim is immaterial, even if true, for it is not alleged that such consent was ever communicated to defendant, and what is required by both sections 1822 and 2718 is that the consent therein provided for be filed with the surrogate, which it is not attempted to aver was done.

[4] It is further averred in the reply that the executor was without the state and the United States during a part of the period in question; but there is no allegation that he was without the state when the cause of action against him accrued, no allegation that he was absent from the state for one year continuously, and in fact no allegation of what the period of absence was. Section 401, Code of Civil Procedure, therefore, has no application. In the case of Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638, the defendant executor was continuously a nonresident of the state from the time of the death of his testator.

[5] Finally, the fact that no inventory had been filed and no notice to present claims published is no bar to the operation of the statute. The case of Ulster County Savings Institution v. Young, 161 N. Y. 23, 55 N. E. 483, was one of a verbal rejection of an oral claim, and the court held that, as section 1822 applied to the rejection by an executor of a claim "exhibited to him," the language of the statute "clearly indicates that the claim exhibited must be in writing." It was so in the present case.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings in favor of defendant granted, with $10 costs. All concur.

130 N.Y.S.—26